10-3250-cv
McPhee v. Gen. Elec. Int'l, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of August, two thousand eleven.

PRESENT: RALPH K. WINTER,
         BARRINGTON D. PARKER,
         DENNY CHIN,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

MICHAEL G. MCPHEE, as administrator of
the Estate of GREG B. MCPHEE, deceased,
         Plaintiff-Appellant,

         -v.-                              10-3250-cv

GENERAL ELECTRIC INTERNATIONAL, INC.,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        L. MARC ZELL, Zell & Co.,
                                Jerusalem, Israel, (Jeffrey E.
                                Michels, Zell Goldberg LLC, New
                                York, New York, on the brief).

FOR DEFENDANT-APPELLEE:         REBECCA A. WOMELDORF (Michael L.
                                Junk, on the brief), Hollingsworth
                                LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Michael G. McPhee, administrator of the estate of Greg B. McPhee ("Greg"), appeals from a judgment entered July 27, 2010 in the district court following dismissal of his wrongful death action against defendant-appellee General Electric International, Inc. ("GEII"). In 2007, GEII deployed Greg overseas to perform water and commissioning services at a facility in Israel. On February 19, 2007, the parties entered into an employment agreement containing a choice-of-law provision that designated New York law as the law governing any dispute arising between the parties. On July 25, 2007, in the course of his employment, Greg entered into a water-purification tank at the Israeli facility, where he accidentally died of asphyxiation. Greg's brother brought this action on his behalf, and GEII moved to dismiss the complaint on the grounds of workers' compensation immunity pursuant to New York Workers' Compensation Law § 11. We assume the parties' familiarity with the facts, proceedings below, and issues presented on appeal.

We review an order granting a motion to dismiss de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the non-movant's favor. City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc., 637 F.3d 169, 173 (2d Cir. 2011). On appeal, McPhee principally argues that dismissal of the action was improper because Israeli and not New York law applies, for two reasons: (1) this wrongful death

-2-

action falls outside the scope of the choice-of-law clause in the employment agreement; and (2) even if the choice-of-law clause applies to this action, the lack of sufficient contacts between New York and the transaction renders the clause unenforceable.

McPhee's first argument is unavailing because the language of the agreement is sufficiently broad to encompass a wrongful death action arising from an employee's death on the job.  The agreement states, in relevant part, that "[i]n the event of any dispute between the parties to this agreement or with respect to any claim arising from the employment relationship," the applicable law "shall be the substantive and procedural law of New York."  McPhee concedes that a choice-of-law provision may be written broadly enough to encompass tort claims.  See Krock v. Lipsay, 97 F.3d 640, 645 (2d Cir. 1996) ("Under New York law, in order for a choice-of-law provision to apply to claims for tort arising incident to the contract, the express language of the provision must be 'sufficiently broad' as to encompass the entire relationship between the contracting parties." (quoting Turtur v. Rothschild Registry Int'l, Inc., 26 F.3d 304, 310 (2d Cir. 1994))).  The district court correctly held that the language of the clause -- which expressly provided that "any claim" arising from the "employment relationship" would be governed by New York law -- encompassed a claim for wrongful death based on a fatal, on-the-job accident.

As for McPhee's second argument, we conclude that the district court, sitting in diversity, properly applied New York's choice-of-law rules to determine whether the clause was

-3-

enforceable.  Bakalar v. Vavra, 619 F.3d 136, 139 (2d Cir. 2010) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)).  In New York, "the chosen law [must] bear[] a reasonable relationship to the parties or the transaction."  Welsbach Elec. Corp. v. MasTec N. Am., Inc., 7 N.Y.3d 624, 629 (2006).  We affirm the district court's judgment for substantially the reasons stated in its well-reasoned decision.  Namely, a "reasonable relationship" existed between New York and both the parties and the employment relationship because:  GEII had a substantial presence in New York; a GE unit coordinated Greg's deployment overseas through vendors in New York; paychecks to Greg originated from New York; GEII's parent company had a substantial connection to New York; and the parties selected New York as the forum to litigate this action.

We have considered appellant's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

-4-